UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

- vs -

D-28 PRADEEP PANDYA, Defendant.

______________________________/

CRIMINAL NO. 11-20468

Hon. Arthur J. Tarnow

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO SECTION 5K1.1 OF THE UNITED STATES SENTENCING GUIDELINES**

Pradeep Pandya, a licensed pharmacist, played a brief but important role in Babubhai Patel's criminal enterprise. Pradeep Pandya joined Babubhai Patel's organization in approximately March 2010, and worked as the lead pharmacist at Tri-City Apothecary in Saginaw, Michigan. While working for Patel, he engaged in a substantial practice of billing for drugs which were never dispensed and distributing controlled substances inappropriately. Tri-City, under Pandya's oversight, proved one of the most blatantly fraudulent institutions in the Patel enterprise. After leaving Babubhai Patel's employ in April, 2011, Pandya went to work as an owner and pharmacist at the Park Shelton Pharmacy in Detroit, along

with two other veterans of the Patel organization.[1] While at Park Shelton, Pandya and his colleagues continued the illegal tactics they learned under Babubhai Patel's tutelage, and proved adept at generating profit by billing for drugs they did not dispense. After approximately ten months of operation, the pharmacy was closed, with Pandya having obtained approximately $300,000 in ill-gotten gains from the Park Shelton venture. Pandya's relatively high guidelines (70-87 months) reflect his high level of culpability, and should be considered by the Court in fashioning a sentence.

However, the Court should also consider Pandya's cooperation with the government in imposing sentence in this case. That cooperation has been earnest and useful. Pandya testified at the trial of Vinod Patel, Babubhai Patel's brother and close associate, in this matter. His testimony helped establish Vinod Patel's culpability in the pharmacy (as opposed to the home health care) aspects of the Babubhai Patel scheme, and was important in securing Vinod Patel's conviction. Pandya's testimony also described Vinod Patel's belligerence, bullying, and outrageous conduct during the course of the scheme. This testimony, which was well-corroborated, illustrated the thoroughly unattractive nature of Vinod Patel's character – a point that proved relevant to Vinod Patel's sentencing. In light of his

1 Hiren Patel and Mehul Patel were Pandya's co-conspirators at Park Shelton Pharmacy,

cooperation, the government recommends a sentence of 42 months, or 60 percent of the low end of the guidelines, for this offender.

## FACTUAL AND PROCEDURAL BACKGROUND

In approximately March 2010, defendant Pradeep Pandya began working as a pharmacist for co-defendant Babubhai Patel, who owned and controlled multiple pharmacies in the Eastern District of Michigan. Babubhai Patel assigned Pradeep Pandya to work at Tri-City Apothecary, one of the Patel Pharmacies originally located in Saginaw, Michigan, and later relocated to Bay City, Michigan. Pradeep Pandya remained at Tri-City Apothecary until approximately April, 2011, and worked for Babubhai Patel as the principal pharmacist at that pharmacy until that time.

Tri-City Apothecary received the bulk of its prescriptions from Flint. A Patel-affiliated physician's assistant in Flint saw a large volume of patients recruited by the Patel organization, and wrote a substantial number of prescriptions for expensive, medically worthless medications for those patients. The practice at the Patel Pharmacies was to bill for these expensive medications without dispensing them, thus capturing a massive profit on the drugs. The medications that would actually be dispensed to patients would be controlled substances, prescribed without medical necessity, which served to lure patients into the scheme. When confronted with these illegal practices after joining the pharmacy, Pradeep Pandya initially resisted. However, after discussing the matter with

Vinod Patel (who initially threatened Pandya, before backing off) and Babubhai Patel, Pandya began to engage in the practices himself. Tri-City Apothecary proved one of Babubhai Patel's most flagrantly fraudulent outposts during Pandya's short tenure at the pharmacy.

As referenced above, after leaving Tri-City, Pandya moved on to part ownership in another flagrantly fraudulent pharmacy, Park Shelton Pharmacy. As a part- owner, rather than mere employee, Pandya's fraud at the latter pharmacy proved more lucrative than his work with Babubhai Patel. Pandya made substantial profits from his illegal scheme at the Park Shelton Pharmacy in Detroit.

Pandya was arrested in March 2013 and charged in a superseding indictment in the Patel case. Pandya pleaded guilty in October 2013 to conspiracies to commit health care fraud and to divert controlled substances.

Shortly before his guilty plea, Pandya agreed to cooperate with the government. He debriefed with the government on a number of occasions, and provided valuable information concerning co-defendant Vinod Patel. He ultimately testified against Vinod Patel at trial, and proved an important supporting witness in securing that conviction.

**DISCUSSION**

Pursuant to 18 U.S.C. § 3553(a), the Court is required to impose a sentence sufficient, but not greater than necessary, to comply with a set of enumerated purposes. Among those purposes are the need to for the sentence to imposed to take account of the nature of the offense and the history and characteristics of the offender, to reflect the seriousness of the offense and to deter criminal conduct, both generally and to prevent future criminal activity by the offender, along with a need to reduce unwarranted sentencing disparities amongst similarly situated offenders. See 18 U.S.C. § 3553(a)(1)-(2), (6). The government submits the following observations on the nature of Pradeep Pandya's conduct and its relation to those statutory factors.

The nature and circumstances of the offenses here are very serious, as is the specific role played by the defendant. The Babubhai Patel health care fraud and drug diversion scheme was enormous in scope, and Pradeep Pandya manned one of the more egregious outposts of Patel's organization. Pandya proved a skillful practitioner of all of the illegal arts that made the Patel organization a criminal success, and Pandya used those skills in running his own fraudulent pharmacy immediately after working for Patel. Pandya's crimes were serious ones, and should be treated as such by the Court.

Like many of Babubhai Patel's pharmacists, the history and characteristics of this offender present a notably mixed picture. Pradeep Pandya is a man of considerable education and accomplishment. His willingness to use his impressive intellect and professional competence in furtherance of Babubhai Patel's criminal enterprise is tragic, and is a major indictment of the defendant's character and values.

There is another side to Pradeep Pandya's history and characteristics, however, and that is the side reflected in his activity since his arrest in the instant case. Pandya has been a useful cooperating witness. His information has been of considerable value to the government, and has been corroborated by numerous documents, intercepted calls, and the testimony of other witnesses. Pandya's post-arrest record is admirable, and reflects favorably on his character and his acceptance of responsibility in this matter.

With respect to deterrence, the government submits that there is limited need for specific deterrence in this case. There is simply little reason to believe that Pradeep Pandya would be likely to engage in this sort of conduct again, given his specific history and characteristics. General deterrence is a somewhat more complex calculation for the Court. There are a limited number of licensed professionals willing to engage in schemes of this sort, and word does travel

amongst such individuals about the risks associated with engaging in fraudulent conduct. A significant period of incarceration would send a laudable message that there a serious penal, in addition to administrative consequences for such behavior. At the same time, cooperation of the sort provided by Pandya is also laudable, and should be encouraged. The need to encourage this sort of post-arrest conduct should be factored in to the Court's sentencing determination as well.

On the issue of disparity, Pandya's closest analogue is likely Dinesh Patel, another cooperating pharmacist whose sentencing guidelines were also 70-87 months. Dinesh Patel was involved in the organization for far longer than Pandya – seven years as opposed to roughly one year. Dinesh Patel also served as a confidant and advisor to Patel in a way Pandya never did. However, Pandya's pharmacy was one of the most outrageously fraudulent in the whole Patel chain, while Dinesh Patel's pharmacy, fraudulent as it was, was practically a model of probity in comparison. Moreover, Dinesh Patel was an exceptionally valuable cooperator, providing information that helped secure multiple convictions. While Pandya's cooperation was useful and should be credited by the Court, it did not rise to level of Dinesh Patel's. A 42-month sentence, slightly higher than Dinesh Patel's 30-months, would not be disparate given the specific facts of this case.

In conclusion, the government submits that a sentence of 42 months incarceration appropriately balances the statutory factors set forth in Section 3553(a). Such a sentence would provide a substantial general deterrent effect, appropriately reflect the seriousness of the offense, but also reward and adequately credit the defendant's cooperation and assistance in this matter. The government therefore recommends a sentence at this level for this defendant.

Respectfully Submitted,
BARBARA L. MCQUADE
UNITED STATES ATTORNEY

/s/ John K. Neal
JOHN K. NEAL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-964

June 26, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2015 I caused a copy of the foregoing to be served on all counsel of record using the Court's ECF filing system.

/s/ John K. Neal
John K. Neal