UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRADEEP PANDYA,

Petitioner,

v.

UNITED STATES OF AMERICA

Respondent.
_______________________________/

CRM No. 11-CR-20468
CIV No. 16-CV-13497
Hon. Arthur J. Tarnow

**UNITED STATES' OPPOSITION TO PETITIONER PRADEEP PANDYA'S MOTION PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by and through its counsel, hereby responds in opposition to petitioner Pradeep Pandya's *pro se* Motion Pursuant to 28 U.S.C. Section 2255. Pandya, who pleaded guilty with a Rule 11 agreement that included stipulated guidelines and an appellate waiver, argues that he should receive the benefit of a non-retroactive amendment to the sentencing guidelines that took effect after his sentencing. Pandya is not entitled to relief under 28 U.S.C § 2255, as his motion fails to demonstrate an error of constitutional magnitude or one that fundamentally affects the underlying fairness of the proceeding. Pandya's *pro se* motion is better construed as one falling under 18 U.S.C. § 3582(c)(2), which is a vehicle for defendants to seek a new sentencing proceeding due to an intervening

change in the Sentencing Guidelines. However, any such motion also fails, as the intervening Guidelines amendment Pandya relies upon was not made retroactive by the Sentencing Commission, and thus is unavailable as a basis for relief pursuant to Section 3582(c)(2). Pandya's motion should be dismissed in its entirety.

## BACKGROUND

Pradeep Pandya was one of Babubhai Patel's pharmacists, working for Patel from March 2010 until April 2011. In March 2013, Pandya was charged with a variety of offenses arising out of his conduct while working in Babubhai Patel's organization. On October 10, 2013, Pandya pleaded guilty to conspiracies to commit health care fraud and to distribute controlled substances. According to the factual basis in his Rule 11 Plea Agreement:

> Specifically, Pradeep Pandya billed Medicare and Medicaid for medications he never dispensed to patients. Pradeep Pandya also billed insurers for medications he knew were medically unnecessary. Finally, Pradeep Pandya distributed controlled substances, including the Schedule III drug Hydrocodone, the Schedule IV drug Alprazolam, and the Schedule V drug Promethazine-Codeine Cough Syrup to patients knowing that the drugs were not prescribed in the course of legitimate medical practice.

Pandya's plea agreement set forth a stipulated guideline range of 70-87 months of imprisonment. On June 30, 2015, Pandya was sentenced to 27 months of imprisonment. Pandya's plea agreement contained an appellate waiver, and no direct appeal was filed.

On November 1, 2015, an amendment to the United States Sentencing Guidelines, Amendment 794, went into effect. Amendment 794 changed certain language in the application notes to Section 3B1.2 of the Guidelines, which concerns "Mitigating Role" adjustments. The revised application notes clarify that, when courts apply Section 3B1.2, the defendant's relative culpability is to be determined only by reference to co-participants, and also sets forth a series of non-exhaustive considerations for courts to use when evaluating the applicability of a mitigating role reduction.

Pandya now contends that the revised language in the application notes to section 3B1.2 is favorable to him, and that the Court should set aside his sentence in order to consider whether he qualifies as a minor participant in Patel's scheme.

ARGUMENT

Pandya styles his motion as one filed pursuant to 28 U.S.C. § 2255. In order to obtain relief under that section, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691. A district court's technical application of the sentencing guidelines does not give rise to a constitutional issue cognizable under Section 2255. *See United States v. Vaughan*, 955 F.2d 367, 368 (5th Cir. 1992). In addition, Pandya waived his right to a direct appeal, and it is

"well established that a § 2255 motion is not a substitute for direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). In this case, given that appellate waiver, Pandya must clear an even higher bar, as "when a federal statute, but not the constitution, is the basis for post-conviction attack, collateral relief from the defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process." *Grant v. United States*, 72 F.3d. 504, 506 (6th Cir. 1996). A change in the application note to a particular sentencing guideline which Pandya now wishes to argue should apply to his case is not the sort of "fundamental unfairness" warranting the extraordinary remedy of relief under Section 2255, and Pandya's motion must fail if construed as a petition pursuant to that Section.

Pandya's motion is better construed as a motion for relief under 18 U.S.C. § 3582(c)(2), which provides a remedy for post-sentencing changes in the sentencing guidelines that inure to the benefit of certain offenders. Such a motion is separate and distinct from a § 2255 petition, and does not require the same extraordinary showing to warrant relief. *See United States v. Porter*, 335 Fed. Appx. 408, 409 (construing a defendant's section 2255 claim as a claim under section 3582(c)(2), because it sought a reduction in the sentence based on a post-sentencing change in the sentencing guidelines).

However, a claim for relief under section 3582(c)(2) does require that any reduction in sentence following a change in the sentencing guidelines be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such policy statements are to be found in Section 1B1.10 of the United States Sentencing Guidelines. That section lists, in subpart (d), a number of Amendments to the Guidelines which have retroactive application, and hence can form the basis of a 3582(c)(2) motion. Amendment 794, the change which Pandya relies upon, is not enumerated in Section 1B1.10(d) of the United States Sentencing Guidelines. Hence, he cannot obtain relief under section 3582(c)(2). The Sixth Circuit has made that plain:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

*United States v. Goodloe*, 388 Fed.Appx. 500, 506 (6th Cir. 2010).

Therefore Pandya's motion, if construed as one under Section 3582(c)(2), fails.

Pandya is not the first petitioner to rely upon the Ninth Circuit case styled *United States v. Quintero Leyva*, 823 F.3d 519 (9th Cir. 2016), to support his argument that Amendment 794 should retroactively apply to him. That case held that the Amendment applies retroactively on direct appeal, but not that such relief is cognizable through a collateral attack on a sentence. A number of district courts

have held that *Quintero-Leyva* does not apply to claims on collateral review, and the government is not aware of any courts that have held that it does. *See, e.g.*, *Aguas Landaverde v. United States*, 2016 WL 5341799 at *2-3 (S.D. Ohio 2016) (gathering cases holding that Quintero-Leyva does not provide basis for collateral relief); *Young v. United States*, 2016 WL 4472937 (C.D. Ill. 2016) ("[Petitioner] argues that, under *Quintero-Leyva*, she should be considered for a sentence reduction based on Section 3B1.2's newly amended commentary. But this case is not a direct appeal; it is a collateral attack, and consequently the *Quintero-Leyva* court's reasoning does not apply here.").

For the foregoing reasons, the United States respectfully submits that Pradeep Pandya's motion be denied.

Respectfully Submitted,

BARBARA L. MCQUADE
*United States Attorney*

/s/ John K. Neal
JOHN K. NEAL
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of Michigan*
*211 W. Fort Street, Ste. 2001*
*Detroit, MI 48226*
*(313) 226-9644*
*John.Neal@usdoj.gov*

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I served a copy of the foregoing upon all counsel of record via the court's electronic CM/ECF system. I also caused a copy of this response to be mailed to Pradeep Pandya at Morgantown Federal Correctional Institution.

/s John K. Neal