FILED
DEC - 1 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRADEEP PANDYA, | ) | PRO SE |
| Petitioner, | ) | |
| v. | ) | CRM No. 11-cr-20468<br>CIV No. 16-cv-13497 |
| | ) | Hon. Arthur J. Tarnow |
| UNITED STATES OF AMERCIA | ) | |
| Respondent. | ) | |

**PETITIONER'S RESPONSE TO UNITED STATES OPPOSITION TO PETITIONERS MOTION PURSUANT TO 28 U.S.C. SECTION § 2255**

NOW COMES the Petitioner, Pro-Se, and hereby responds to the United States' Opposition to Petitioner Pradeep Pandya's Motion Pursuant to 28 U.S.C. Section §2255, and, for the reasons given hereinafter, moves this Honorable Court to deny Respondents motion in opposition.

In the government's opposition response, a number of specific items are addressed and a response to each will follow. However, it should be noted by the Court that not one single item or statement of objection filed by the government is substantive, rather all deal with procedure issues. Therefore, on the face of the response, no where is the government indicating that the Petitioner has not, by the preponderance of the evidence as is required under amendment 794, fully met all of the portions of the amendment and therefore is appropriately qualified and should be granted the requested benefits and relief provided for in that amendment.

The governments issues are three. First is the issue of the appellate waiver that was contained in the plea agreement. Secondly, that the petitioner has no ability to obtain this requested relief utilizing a 28 U.S.C. Section

§2255 appeal, and lastly, that the correct format for this request would be in the form of a 3582(c)(2), but even then goes on to declare that for the reasons stated by the government, that amendment is not retroactive and cannot be applied via the §3582. Petitioner therefore enters the following responses to the government's objections.

First, as to the appellate waiver, a defendant does not waive his right to claim relief via a plea agreement, because a defendant can only abandon a **known** right. See United States v. Olano, 507 U.S. 725, 733 (1983), and this defendant could not have done so because the U.S.S.C. did not enact the enabling amendment clarifications until 11/1/15, and it was not made retroactive by a Court of Appeals until 5-17-16. See United States v. Quinter-Leyva, 2016 U.S. App. LEXIS 8989, No. 14-50509. For this reason and other reasons shown hereinafter, the Petitioner is fully entitled to ask this Court for consideration of his request for relief under the amendment.

Now moving to the government's second stated objection, and that relates to the use of 28 U.S.C. Section §2255 as a method to present this request for relief to the court. In its response, the government freely admits that the Petitioner "is not the first petitioner to rely upon the Ninth Circuit case styled United States v. Quinter-Leyva. . . to support his argument that this amendment 794 should apply retroactively to him.

The Petitioner is not a trained attorney or one who is educated in the law, and prepared his petition upon advice from outside counsel who said "To receive benefit of this amendment you CANNOT file a motion under 18 U.S.C. 3582(c)(2). Rather, the amendment is only applicable on direct appeal or if relied upon in a motion under 28 U.S.C. Section §2255.

Since filing the original §2255 Petition, the Petitioner has been made aware that other circuits beside the Ninth Circuit (Eleventh and Fifth) have all come down with similar rulings that because it was a clarifying amendment and it resolved a circuit split, that it is therefore retroactive. Petitioner had also quoted United States v. Jerchower 631 F.3d 1181, 1184 (11th Cir. 2011) specifically quoting from that case "On review,the court vacated the sentence. The Court found, even though it was contrary to circuit precedent, amend. 732 was a clarification of 2G1.3(b)(2)(B) and that it should be applied retroactively . . . . .altered only the commentary rather than the text of the guideline... amend 732 clarified §2G1.3 rather than substantially altered it. The clarification involved a circuit split..." Courts are in general agreement now that any amendment to the sentencing guidelines that resolves a circuit split and is clarifying in nature, is always retroactive.

In support of Petitioner's response to the argument by the government that if amendment 794 is not enumerated in Section 1B1.10(d), it is not to be applied in a "3582(c)(2) filing, is therefore factually incorrect and not based on case law and circuit court rulings. The listing in subsection 1B1.10(c) is ONLY required for any amendment to be retroactive by the U.S.S.C. at the outset, or in any followup, when it is an amendment that is both clarifying in nature and resolves a circuit split, is therefore always retroactive.

Petitioner now refers the government to United States of America v. Lidia Perez, 2016 U.S. Dist. LEXIS 124985 - 08-cr-00429-06 (DLC) Sept 14, 2016 (S.D. New York, 2016). This is a matching case to the Petitioner's and this New York Court, supported by the actions of the Ninth, Eleventh and Fifth Circuits, has taken a §2255 filing and ordered it converted to a §3582(c)(2) motion and returned it to the Petitioner, the government and the U.S. Probation office to further address the analysis set forth in that Opinion and the Petitioner's

request to benefit from amendment 794 to the guidelines.

In this New York case, the Court noted that Courts "should liberally construe pleadings and briefs submitted by pro-se litigants, reading such submissions to raise the strongest arguments they suggest." Harris v. Miller, 818 F.3d 49, 56 (2nd Cir. 2016) (citation omitted). The Court then goes on to say that the U.S.S.C. (the "Commission") has opined that [t]he proper vehicle for seeking a sentence reduction pursuant to an amendment to the . . . guidelines is a motion to reduce sentence pursuant to 18 U.S.C. 3582." U.S.S.G. Commissions office of general counsel, Retroactivity: Procedural Issues 15 (Aug. 2014). The Court then construed the motion under §2255 as a motion for resentencing purusant to §3582.

In Perez the district court goes on to concluded that "amendment 794 should be applied retroactively."

As the government has attempted to rely heavily on the plea agreement, it might be applicable to quote a short portion of that agreement herein for the benefit of the Court. Taken from the governments sentencing memorandum and motion 5k1.1 - "With respect to deterrence, the government submits that there is limited need for specific deterrence in this case."

On the basis of the arguments presented hereinbefore in response to the governments opposition, and the case law and citations provided, the Petitioner hereby requests that this Honorable Court consider the Perez case and construe Petitioner's motion pursuant to 28 U.S.C. Section §2255, to be in fact a proper motion under §3582(c)(2) and award the Petitioner the relief requested under Amendment 794, insofar as it is the proper approach and that the government has taken the position of not being in opposition to the request for relief as

it posed no arguments that the Petitioner had not met the requirements set forth in said amendment, having done so by a preponderance of the evidence. In the alternative, if the Court should order that is wishes further analysis to all parties hereto shall be given an additional opportunity to respond thereto.

Respectfully submitted:

Pradeep Pandya, Pro-Se

## CERTIFICATE OF SERVICE

I, Pradeep Pandya do hereby certify that I have, on this 30th day of November, 2016, placed one original PETITIONER'S RESPONSE TO UNITED STATES' OPPOSITION TO PETITIONER'S MOTION PURSUANT TO 28 U.S.C. §2255, in the prison mailing system at F.C.I. Morgantown, P O Box 1000, Morgantown, West Virginia, 26507-1000, in first class mail, postage pre-paid and addressed to the following recipients:

Office of the United States Attorney
211 West Fort Street Suite 2001
Detroit, MI 48226-3220

and

Clerk of Courts
231 W. Lafayette Blvd. Ste 827
Detroit, MI 48226

Pradeep Pandya, Pro-Se
Fed Reg No. 48236-039
F C I Morgantown
P O Box 1000
Morgantown, WV 26507-1000

FROM:
48236-039
PANDYA PRADEEP
FEDERAL CORRECTION INSTITUTE
P.O. BOX 1000
MORGANTOWN
WV - 26507

PITTSBURGH PA 150
29 NOV 2016 PM 3 1



⇔48236-039⇔
Theodore Us Clerk Levin
231 W. Lafayette Blvd,Room#564
Detroit, MI 48226
United States

48226-271839