UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRADEEP PANDYA,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

Criminal Case No. 11-20468-28
Civil Case No. 16-13497

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(C)(2) [1563]**

On September 27, 2016, Movant filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255 [1563]. The Government responded on November 14, 2016 [1573] and Movant replied on December 1, 2016. For the reasons stated below, this Motion to Vacate Sentence, construed by the Court to be a Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [1563] is **DENIED** and a certificate of appealability is granted.

**FACTUAL BACKGROUND**

Movant, a licensed pharmacist, worked for Babubhai Patel as lead pharmacist at the Tri-City Apothecary in Saginaw, Michigan from March 2010 until April 2011. Movant was indicted on March 19, 2013 on charges of health care fraud conspiracy, conspiracy to distribute controlled substances, and conspiracy to pay and receive health care kickbacks [737]. Movant pleaded guilty on October 10, 2013 to the counts

of conspiracy to commit health care fraud and conspiracy to distribute controlled substances. Per the factual basis in Movant's Rule 11 Plea Agreement:

> Beginning in approximately March 2010 and continuing through approximately April 2011 the Defendant, Pradeep Pandya, willfully conspired with others to commit health care fraud in violation of 18 U.S.C. §1349, and to distribute controlled substances…
>
> During his tenure in the Patel organization…Pradeep Pandya billed Medicare and Medicaid for medications he never dispensed to patients. Pradeep Pandya also billed insurers for medications he knew were medically unnecessary. Finally, Pradeep Pandya distributed controlled substances, including the Schedule III drug Hydrocodone, the Schedule IV drug Alprazolam, and the Schedule V drug Promethazine-Codeine cough syrup to patients knowing that the drugs were not prescribed in the course of legitimate medical practice.
>
> During his tenure as a pharmacist in the Patel organization, Pradeep Pandya and his co-conspirators caused approximately $2,750,000 in false and fraudulent claims to be submitted to the Medicare program, approximately $100,000 in false and fraudulent claims to be submitted to the Medicaid program, and approximately $250,000 in false and fraudulent claims to be submitted to Blue Cross/Blue Shield of Michigan. Pradeep Pandya also caused the illegal distribution of approximately 160,000 dosage units of Hydrocodone, 55,000 dosage units of Alprazolam, and 30,000 dosage units of Promethazine-Codeine cough syrup.

[1030 at 3-5].

Movant's plea agreement laid out a stipulated guideline range of 70-87 months of imprisonment. Movant was sentenced to 27 months of imprisonment on June 30, 2015. The plea agreement also contained an appellate waiver and no direct appeal was filed by Movant.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Movant challenges his sentence here on the basis that relief that his sentence is incorrect under Amendment 794 to the United States Sentencing Guidelines ("Amendment 794") and argues that the Court should set aside his sentence and consider whether Movant qualifies as a minor participant in Patel's criminal scheme under the newly amended §3B1.2 guidelines. The Government is correct that this type of motion is better construed as a motion for relief under 18 U.S.C. §3582(c)(2), and the Court will deem this motion a motion for reduction of sentence under 18 U.S.C. §3582(c)(2). *See United States v. McDonald*, 326 Fed.Appx. 880, 882 (6th Cir. 2009) (allowing liberal construction of "post-judgment filings of pro se criminal defendants for efficiency's sake and out of a sense of fairness to pro se petitioners") (citation and internal quotation marks omitted).

On November 1, 2015, Amendment 794 went into effect. This amendment changed language in the application notes section of §1B1.3 to instruct Courts that when assessing the culpability of a Defendant who jointly undertook criminal activity, a number of non-exhaustive considerations should be used to determine the scope of

the criminal activity jointly undertaken by the individual Defendant when considering a possible role reduction in a sentence.

"[U]pon motion of the defendant…the court may reduce the term of imprisonment… if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582 (West). The policy statements are found in §1B1.10 of the United States Sentencing Guidelines. §1B1.10 states:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—
>
> > (A) None of the amendments listed in subsection (d) is applicable to the defendant."

U.S.S.G. 1B1.10(a)(2). §1B1.10(d) lists the following amendments as being covered: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)). Plainly Amendment 794 is not located in section d and therefore cannot be the basis for a valid reduction of sentence under §3582(c)(2).

The Sixth Circuit's precedent supports this finding. It has instructed District Courts that:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make

> his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

*United States v. Goodloe*, 388 Fed.Appx. 500, 506 (6th Cir. 2010); *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by §3582(c)(2)."). It is clear therefore that Amendment 794 cannot apply retroactively to possibly reduce Movant's sentence.

Movant cites *United States v. Quinter Leyva*, 823 F.3d 519 (9th Cir. 2016) to support his proposition that Amendment 794 can apply retroactively to him. However, this case specifically found that Amendment 794 can apply retroactively on direct appeal. This is clearly not the case now. Several district courts across the country have found that Amendment 794 does not apply retroactively to cases not on direct appeal, including the very case that Movant cites in his reply brief to support his Motion. *See United States v. Perez*, No. 08CR00429-06 (DLC), 2016 WL 7742745 (S.D.N.Y. Dec. 19, 2016) (declining to apply Amendment 794 retroactively because it is not among the list of amendments in U.S.S.G. §1B1.10(d). The Court also distinguished Perez' motion, which was presented as a §2255 and construed as a §3582(c)(2) motion, from the direct appeal at issue in *Quintero-Levya*); *see also Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), *report and recommendation adopted*, No. 2:15-CR-00183(2), 2016 WL 6070480

(S.D. Ohio Oct. 17, 2016) (collecting cases holding that *Quintero-Levya* does not provide a basis for Amendment 794 to be applied retroactively on collateral review).

Movant also cites *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) for the proposition that an amendment not listed in § 1B1.10(d) applies retroactively if it is merely clarifying a circuit spilt rather than making a substantive change. However, once again, this case was on direct appeal and is distinguishable from the case at bar. Accordingly, Amendment 794 cannot apply retroactively for this Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2).

**IT IS ORDERED** that Movant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [1563] is **DENIED** and a certificate of appealability is granted.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 17, 2017