1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**( SOUTHERN DIVISION)**

PRADEEP PANDYA, )
Petitioner , )
) **Case No. : 11CR20468-28**
v . )
) **Motion for Early Termination of Supervised**
UNITED STATES OF AMERICA) **Release & Memorandum of Law in Support**
Respondant. ) **of Motion for Early Termination of Supervised**
) **Release.**

FILED
JUN 24 2019
CLERK'S OFFICE
DETROIT

NOW COMES before the Honorable Court your Petitioner, PRADEEP PANDYA, appearing pro se, seeking early termination of his ordered term of supervised release pursuant to Title 18 U.S.C. § 3583 (e) (1). No hearing is sought in this matter per federal rules of criminal procedure 32.1(c)(2)(B)." and asserts the following:

1. On JUNE 30 , 2015, in the above mentioned case, Petitioner was sentenced to a term of 36 months of supervised released to begin immediately upon release from incarceration.

2. Petitioner was released from incarceration on Dec 20 , 2017 , and began ordered term of supervised release on that date.

3. Petitioner has served in excess of 18 months of ordered term of supervised release with exemplary behavior.

**MEMORANDUM**

Under the authority provided pursuant to 18 U.S.C. § 3583 (e) (1), a District Court has discretionary power to terminate a term of supervised release after the

satisfactory completion of one (1) year. This authority applies to any term of supervised release, regardless of length.

Title 18 U.S.C. § 3583(e) (1) and the court's discretionary authority was made part of the original change in post-conviction supervision brought on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided by § 851 (b) (1) (c) as part of the Anti-Drug Abuse Act, § 3583(a) was amended to reflect the mandatory minimums, but Congress did not change the discretion provided in § 3583(e) (1).

The ADAA also amended § 3583 (a) to include the requirement that if a court is to impose a sentence of imprisonment, that court must include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such term is required by Statute. The ADAA, however, did not amend the court's discretionary authority to terminate or modify supervised release under § 3583(e) (1). As determined by Congress, and expressed in plain language of the Statute, the sentencing phase is different than post-sentencing modification.

Seen as two separate chronological phases, the statute mandating a specific period of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict, as "[n]either statute prohibits the other from working. Gallenstein v. United States, 975 F.2D at 291 (CA 1992). Therefore, in absence of clear congressional expression to the contrary, a court must give effect to both statutes. Even though the court had to sentence the petitioner to a mandatory term of supervised release, it still has the subsequent authority to terminate a petitioner's term of supervised release and discharge the petitioner after one (1) year of satisfactory completion. United States v. Spinelle, 41 F. 3d 1056 (6th Cir. 1994).

Recent analogous cases also support the petitioner's position. In Cozlonperez,

488 U.S. 395, 48 CLR 2095 (1991), the Supreme Court stated that, "the reasonable assumption is that when Congress adopted the ADAA and use the term 'Supervised Release,' it knows the full definition in the existing Sentencing Reform Act and legislated with reference to it."

If Congress had intended to exempt mandatory terms of supervised release from the District Court's termination .authority under § 3583(e) (1), it could have done so explicitly with the amended § 3583(a). However, it did not change the District Court's authority.

In the BOP system, during my rehabilitation, I was continuously updating my knowledge and preparing myself for successful reentry into society.

Here are the courses I took as followed:

- Victim Impact Panel
- 7 Habits of Effective People
- Parenting Class
- Re-entry Event by US Probation
- Re-entry Event Motivational Day
- Re-entry Event Trans.Prepared
- Re-entry Event Apprentice/Trade
- Re-entry Event Employment Search
- Mock Job Fair Interview
- Tutor Training
- Employment
- OSHA General industry
- AARP 50+ Budget/Goals
- Release Req./Procedures
- Health Fair
- Men's Health Issues
- Get Fit 1 & 2
- Advance Anatomy & Physiology

Also during my rehabilitation, I was continuously in contact with my family. My program participation and behavior was excellent and I never had any disciplinary action.

Currently, I am working for a small store with gas station since my release. I am punctual in my job as well as paying my restitution. I am living a law-abiding life with my wife, kids and my parents.

**RELIEF SOUGHT**

WHEREFORE, Petitioner Pradeep Pandya prays that this Honorable Court, with its discretionary authority under 18 U.S.C. § 3583(e) (1), will terminate petitioner's term of supervised release.

Respectfully Submitted on this 23rd day of June , 2019.

Pradeep Pandya Pro Se

**Certificate of Service**

I, Pradeep Pandya, do hereby certify that I have, on this 23 day of June, 2019, placed an original copy of Motion for early Termination of Supervised release mailing from 1054 Crestfield St., Apt # A8, Ontario, OH - 44906, postage prepaid in first class mail & directed to the following recipients :

Pradeep Pandya Pro Se

1054 Crestfield St., Apt # A8

Ontario, OH - 44906

Clerk of Courts

United States District Court,

Eastern District of Michigan

231 W Lafayette Blvd., Room 564,

Detroit, MI - 48226

and

Office of the United States Attorney

211 W. Fort Street

Suite 2001

Detroit, MI - 48226

and

US Pretrial Services and Probation Office,

2 S Main St # B355,

Akron, OH 44308



Pradeep Pandya
1054 Crestfield St Apt 8A
Ontario OH 44906-4014

EVERY ANIMAL DESERVES A HOME

U.S. MARSH

U.S. POSTAGE PAID
FCM LG ENV
MANSFIELD, OH
44906
JUN 20, 19
AMOUNT
$1.30
R2305K141462-09

1000 48226

6/20/19

TO:

CLERK OF COURTS,
UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF MICHIGAN,
231 W. LAFAYETTE BLVD.
ROOM # 564,
DETROIT
MI - 48226

RECEIVED
JUN 24 2019
CLERK'S OFFICE
U.S. DISTRICT COURT